JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 11-00687 DMG**<br>**Bankruptcy Case No. 1:09-bk-22100-GM** | Date | April 13, 2012 |
|---|---|---|---|

| Title | *In re: Orange County Nursery, Inc.* | | Page | 1 of 5 |
|---|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE BANKRUPTCY APPEAL**

**I.
INTRODUCTION**

This matter is before the court on an appeal from the Bankruptcy Court. The Court deems this matter suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 8012-7. For the reasons set forth below, the decision of the Bankruptcy Court is AFFIRMED.

**II.
FACTUAL AND PROCEDURAL BACKGROUND**

This Court previously reversed the Bankruptcy Court's determination that Appellants, the trustees of a minority voting trust ("Minority"), held only an equity interest in Appellee Orange County Nursery, Inc. ("OCN"), the debtor corporation. *Minority Voting Trust v. Orange County Nursery, Inc. (In re Orange County Nursery)*, 439 B.R. 144, 152 (C.D. Cal. 2010). This Court found that the Minority has a claim for the value of its shares had OCN been dissolved rather than reorganized under Chapter 11 of the Bankruptcy Code. *Id*. Consequently, this Court remanded the case to the Bankruptcy Court with instructions to vacate or modify its orders to the extent they were inconsistent with recognition of the Minority's claim (the "Remand Order"). *Id*. at 152, 154. OCN appealed the Remand Order.

Meanwhile, the Minority moved the Bankruptcy Court to vacate or modify its previous order confirming OCN's reorganization plan. The Bankruptcy Court concluded that it lacked jurisdiction to do so while OCN's appeal of this Court's Remand Order was pending and therefore denied the Minority's motion (the "Order Denying Emergency Motion"). (Notice of Appeal, Ex. A [Doc. # 2].) The Minority now appeals the Bankruptcy Court's Order Denying Emergency Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 11-00687 DMG<br>Bankruptcy Case No. 1:09-bk-22100-GM | Date | April 13, 2012 |
|---|---|---|---|

| Title | *In re: Orange County Nursery, Inc.* | | Page | 2 of 5 |
|---|---|---|---|---|

## III.
## STANDARD OF REVIEW

A district court reviews a bankruptcy court's conclusions of law and interpretation of the Bankruptcy Code *de novo*. *Greene v. Savage (In re Greene)*, 583 F.3d 614, 618 (9th Cir. 2009) (citing *Salazar v. McDonald (In re Salazar)*, 430 F.3d 992, 994 (9th Cir. 2005)). Factual findings are reviewed for clear error—this Court must accept the Bankruptcy Court's factual findings unless, upon review, this Court "is left with the definite and firm conviction that a mistake has been committed." *Decker v. Tramiel (In re JTS Corp.)*, 617 F.3d 1102, 1109 (9th Cir. 2010) (citing *Greene*, 583 F.3d at 618). Review of mixed questions of law and fact is *de novo*. *Id.* (quoting *Beaupied v. Chang (In re Chang)*, 163 F.3d 1138, 1140 (9th Cir. 1998)).

## IV.
## DISCUSSION

**A.  Because The Ninth Circuit's Jurisdiction To Hear OCN's Appeal From This Court's Remand Order Is Uncertain, The Bankruptcy Court Need Not Treat OCN's Appeal As Void**

The Minority first contends that OCN's appeal of the Remand Order to the Ninth Circuit is void and does not divest the Bankruptcy Court of jurisdiction to proceed further with the case because the Remand Order is interlocutory in nature. (Appellants' Opening Br. at 8-11 [Doc. # 8].) Because it is not clear whether the Ninth Circuit has jurisdiction over OCN's appeal from the Remand Order, the Bankruptcy Court did not err in its implicit assumption that the appeal was valid.

The Court notes that the Minority presented its jurisdictional argument to the Ninth Circuit in a motion to dismiss OCN's appeal of the Remand Order. The Ninth Circuit denied the Minority's motion without prejudice to the Minority renewing its argument in its answering brief. *See* Order, *Orange County Nursery, Inc. v. Minority Voting Trust (In re Orange County Nursery)*, No. 10-56775 (9th Cir. June 9, 2011). That the Ninth Circuit declined to address the jurisdictional question at an early stage of the appeal suggests that resolution of the question is not straightforward.

Where it is clear to a lower court that an appeal is deficient because the order being appealed is non-appealable, the court "may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." *Ruby v. Sec'y of U.S. Navy*,

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 11-00687 DMG** <br> **Bankruptcy Case No. 1:09-bk-22100-GM** | Date | April 13, 2012 |
|---|---|---|---|

| Title | *In re: Orange County Nursery, Inc.* | Page | 3 of 5 |
|---|---|---|---|

365 F.2d 385, 389 (9th Cir. 1966) (*en banc*). Conversely, where the lower court "is in doubt as to whether the notice of appeal is inoperative by reason of some such defect, it may decline to act further until the purported appellee obtains dismissal of the appeal in the court of appeals." *Id.*

It is at least possible that the Ninth Circuit has jurisdiction to consider OCN's appeal from this Court's Remand Order. Therefore, the Bankruptcy Court did not err to the extent it regarded the Remand Order as final and OCN's appeal as valid. Assuming without deciding that the Ninth Circuit has jurisdiction over the appeal of the Remand Order, this Court now turns to the Minority's remaining arguments.

**B.     The Bankruptcy Court Retains Jurisdiction To Implement This Court's Remand Order Notwithstanding OCN's Appeal**

The Bankruptcy Court erred in its conclusion that it lacked authority to enforce or implement the Remand Order while that Order is on appeal in the Ninth Circuit. Absent a stay or *supersedeas*, a bankruptcy court "retains jurisdiction to implement or enforce the judgment or order but may not alter or expand upon [it]." *Rains v. Flinn (In re Rains)*, 428 F.3d 893, 904 (9th Cir. 2005) (quoting *Neary v. Padilla (In re Padilla)*, 222 F.3d 1184, 1190 (9th Cir. 2000)) (internal quotation mark omitted). Here, OCN neither sought nor obtained a stay of this Court's Remand Order. Accordingly, the Bankruptcy Court is obligated to implement it.

**C.     The Bankruptcy Court Did Not Abuse Its Discretion In Staying The Proceedings Pending Appeal**

As an alternative holding, the Bankruptcy Court stated that even if it had jurisdiction to implement the Remand Order, it would not do so until the conclusion of the appellate process. (Appellants' ER at 238:16-239:2.) In effect, the Bankruptcy Court stayed the case. The Bankruptcy Court found that to implement the Remand Order while there is a chance that the Ninth Circuit will overturn it would unnecessarily "run up attorneys' fees for the debtor" and "waste judicial resources." (Order Denying Emergency Motion, Ex. A at 5.) At the hearing, the Bankruptcy Court noted that it "is a very[,] very overwhelmed court right now." (Appellant's ER at 239:1-2.)

Bankruptcy Rule 8005 authorizes a bankruptcy judge to stay the proceedings *sua sponte*. *Ewell v. Diebert (In re Ewell)*, 958 F.2d 276, 279 (9th Cir. 1992). Although Rule 8005 does not articulate a standard governing the issuance of a stay, courts generally apply "the same standard used for stays of district court orders pending appeals to the circuit court under Federal Rule of

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 11-00687 DMG**<br>**Bankruptcy Case No. 1:09-bk-22100-GM** | Date | April 13, 2012 |
|---|---|---|---|

| Title | *In re:  Orange County Nursery, Inc.* | | Page | 4 of 5 |
|---|---|---|---|---|

Appellate Procedure 8(a)(1)(A) ("Rule 8A"), in large part because Bankruptcy Rule 8005 is directly adapted from Rule 8A."  *ACC Bondholders Group v. Adelphia Commc'ns Corp. (In re Adelphia Commc'ns Corp.)*, 361 B.R. 337, 346 (S.D.N.Y. 2007) (citing *Turner v. Citizens Nat'l Bank of Hammond (In re Turner)*, 207 B.R. 373, 375-76 (2d Cir. BAP 1997)).  In reviewing a bankruptcy court's decision to stay the proceedings, the district court applies an abuse of discretion standard.  *See Dynamic Fin. Corp. v. Kipperman (In re N. Plaza, LLC)*, 395 B.R. 113, 119 (S.D. Cal. 2008) (citing *Wymer v. Wymer (In re Wymer)*, 5 B.R. 802 (9th Cir. BAP 1980); *Ohanian v. Irwin (In re Ohanian)*, 338 B.R. 839, 844 (E.D. Cal. 2006)).

In deciding whether to issue a stay pending appeal, a court considers (1) whether the appellant has made a strong showing that its appeal is likely to succeed on the merits; (2) whether the appellant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.  *Humane Soc'y of U.S. v. Gutierrez*, 523 F.3d 990, 991 (9th Cir. 2008) (citing *Golden Gate Rest. Ass'n v. City & County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008)).  "[T]he issues of likelihood of success and irreparable injury represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases."  *Id*. (citing *Golden Gate Rest. Ass'n*, 512 F.3d at 1115).

The Bankruptcy Court did not abuse its discretion in staying the proceedings pending a decision from the Ninth Circuit.  There is no case law addressing how a decree pursuant to California Corporations Code section 2000 affects a bankruptcy estate.  Although this Court's Remand Order is obviously contrary to OCN's position on appeal, the unsettled nature of the law leaves open a reasonable possibility that either OCN or the Minority could prevail on appeal.

As the Bankruptcy Court recognized, implementing this Court's Remand Order would bring about a "major change" to the reorganization plan in which "[m]oney's going to be changing hands."  (Appellants' ER at 238:14-15.)  OCN is a reorganized debtor that is continuing in its business.  Forcing it to immediately recognize the Minority's claim representing the Minority's approximately 40% equity interest before the Minority's legal right to that claim is settled on appeal could severely harm OCN.  The potential harm to the Minority—that it continues to be locked out of management decisions (*see* Appellants' Opening Br. at 18)—is relatively minor in comparison.  Moreover, the Minority can seek to remedy specific concerns involving OCN's management as needed in the Bankruptcy Court.  Finally, the public interest weighs in favor of conserving scarce judicial resources.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 11-00687 DMG<br>Bankruptcy Case No. 1:09-bk-22100-GM | Date | April 13, 2012 |
|---|---|---|---|

| Title | *In re: Orange County Nursery, Inc.* | Page | 5 of 5 |
|---|---|---|---|

## V.
## CONCLUSION

In light of the foregoing, the Bankruptcy Court's Order Denying Emergency Motion is **AFFIRMED**.


**IT IS SO ORDERED.**




cc: Bankruptcy Court

---

CV-90              CIVIL MINUTES—GENERAL              Initials of Deputy Clerk vv